Robert D. BAIZER, Plaintiff,

v.

UNITED STATES DEPARTMENT OF
the AIR FORCE, Defendant.

No. C 94–4418 FMS.

United States District Court,
N.D. California.

March 13, 1995.

**226**

Robert D. Baizer, Yoneman, Yasaki & Baizer, Oakland, CA, for plaintiff.

Patricia J. Kenney, U.S. Atty's Office, San Francisco, CA, for defendant.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

FERN M. SMITH, District Judge.

### Issue

■ These motions require the Court to decide whether an agency must provide a copy of a computer database containing the decisions of the United States Supreme Court to a requester under the Freedom of Information Act ("FOIA"). 5 U.S.C. § 552.

Because such a database is library reference material and is therefore not an "agency record" within the meaning of 5 U.S.C. § 552(c), the agency is not required to provide a copy.

### Background

On July 19, 1993, plaintiff Robert D. Baizer ("Baizer"), an attorney residing in Oakland, wrote a letter to the Department of Justice in which he requested an electronic copy of its computerized legal information database known as "JURIS." The Department of Justice referred plaintiff's request to the Department of the Air Force ("Air Force"). On February 9, 1994, plaintiff wrote to the Air Force Legal Information Service to request the decisions of the United States Supreme Court in electronic media form. This request specifically excluded any privately owned research information.

The Air Force denied plaintiff's request in a letter dated March 4, 1994. The letter indicated that the decisions after 1975 could not be released because they are the copyrighted material of the West Publishing Company and that the other decisions would not be released because they do not constitute "agency records" under the FOIA. Plaintiff appealed the decision not to release the noncopyrighted material, and the Air Force denied the appeal, responding that the data "are library materials acquired solely for the purpose of reference, and therefore not subject to mandatory release under FOIA." (Joint Stmt.Ex. F at 1.)

Plaintiff filed suit on December 23, 1994 to compel the Air Force to make available its computerized copies of Supreme Court decisions through 1975. On January 27, 1995, the Air Force filed a motion to dismiss for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1), and on February 8, 1995, Baizer filed an opposition and a motion for summary judgment under Federal Rule of Civil Procedure 56.

### Discussion

**I. The Legal Standard**

■ Under 5 U.S.C. § 552(a)(4)(B), federal subject matter jurisdiction in a FOIA

case "is dependent on a showing that an agency has (1) 'improperly' (2) 'withheld' (3) 'agency records.'" *United States Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 142, 109 S.Ct. 2841, 2846, 106 L.Ed.2d 112 (1989). The issue of jurisdiction is therefore intertwined with the merits of plaintiff's case. "In ruling on a jurisdictional motion involving factual issues which also go to the merits, the trial court should employ the standard applicable to a motion for summary judgment, as a resolution of the jurisdictional facts is akin to a decision on the merits." *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983).

■ In order to withstand a motion for summary judgment, the opposing party must set forth specific facts showing that there is a genuine issue of material fact in dispute. Fed.R.Civ.P. 56(e). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). In the absence of such facts, "the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

## II. Analysis

■ Plaintiff is not the first to attempt to use the FOIA to force a federal agency to release a computer research database. In *SDC Development Corp. v. Mathews*, 542 F.2d 1116 (9th Cir.1976), the Ninth Circuit addressed "whether a complete reference library of medical writings and publications, accumulated and stored in a computer data bank by an agency of the federal government, constitutes 'agency records' for the purposes of [the FOIA]." *Id.* at 1117. Concluding that it did not, the court distinguished the library reference system from the records Congress sought to provide access to in passing the FOIA on the grounds that "[t]he library material does not directly reflect the structure, operation or decision-making functions of the agency" and, as the contents of the database were publicly available, "the danger of agency secrecy ... is not a consideration." *Id.* at 1120. Likewise,

the database Baizer seeks is maintained for reference purposes only, and the Supreme Court decisions it contains are readily available both in public libraries and from other computerized reference services such as Lexis and Westlaw. The database is therefore not an "agency record" subject to the mandatory disclosure provisions of the FOIA.

■ Plaintiff contends that because the term "agency records" is not defined in the FOIA, anything in an agency's possession not falling within one of the statutory exemptions must be produced. The Ninth Circuit rejected this very same syllogism in *SDC Development.* See 542 F.2d at 1118. It is well established that physical location alone cannot confer agency record status. *Kissinger v. Reporters Committee for Freedom of Press*, 445 U.S. 136, 157, 100 S.Ct. 960, 972, 63 L.Ed.2d 267 (1980); *Forsham v. Harris*, 445 U.S. 169, 185 n. 16, 100 S.Ct. 977, 987, 63 L.Ed.2d 293 (1980). In its most recent case involving the definition of agency records, the Supreme Court set forth two requirements: (i) "an agency must 'either create or obtain' the requested materials" and (ii) "the agency must be in control of the requested material at the time the FOIA request is made." *Tax Analysts*, 492 U.S. at 144–45, 109 S.Ct. at 2848. Both possession and control by an agency are therefore required for materials to fall within the FOIA.

■ It is undisputed that the Air Force possesses the requested decisions of the Supreme Court in computerized form. The only inquiry is whether the Air Force controls the decisions so as to render them agency records. It should be noted that "'control' for FOIA purposes has no precise definition and may well change as relevant factors assume varying importance from case to case." *Crooker v. United States Parole Comm'n*, 730 F.2d 1, 5 (1st Cir.1984). The Supreme Court has looked to several different indicia of control. *See Kissinger*, 445 U.S. at 157, 100 S.Ct. at 972 (considering whether the agency generated the requested materials, whether the materials were incorporated into the agency's files, and whether the agency used the materials). *See also Bureau of Nat'l Affairs, Inc. v. United States Dep't of Justice*, 742 F.2d 1484, 1490

(D.C.Cir.1984) ("[T]he inquiry necessarily must focus on a variety of factors surrounding the creation, possession, control, and use of the document by an agency.").

In *Tax Analysts,* the plaintiff sought access to copies of recent opinions and orders sent by the district courts to the Tax Division of the Department of Justice. 492 U.S. at 138–39, 109 S.Ct. at 2844–45. The Tax Division represents the government in tax cases, and it uses the decisions to determine whether to appeal or to file post-trial motions when the government loses and to collect money judgments when the government prevails. *Id.* Moreover, the decisions are integrated into the Division's active case files. *Tax Analysts v. United States Dep't of Justice,* 845 F.2d 1060, 1068 (D.C.Cir.1988), *aff'd,* 492 U.S. 136, 109 S.Ct. 2841, 106 L.Ed.2d 112 (1989).

In holding that the opinions were agency records, the D.C. Circuit emphasized their use in decision making and considered "the extent to which agency personnel have read or relied upon the document." *Id.* By adopting a flexible, multi-factored test, the court dismissed "the slippery slope argument that the FOIA necessarily covers all public reference documents that may be found in agency libraries or offices. . . . [N]ot everything in an agency library ... is by any means an 'agency record' subject to disclosure under the Act." *Id.* at 1069.

■ Similarly, in concluding that the research database in *SDC Development* was not an agency record, the Ninth Circuit focused on the purpose of the FOIA—disclosure of records that "dealt with the structure, operation, and decision-making procedure of the various governmental agencies." *Id.* at 1119. This description of the statute's purpose finds ample support in a number of sources. *See United States Dep't of Justice v. Reporters Committee for Freedom of Press,* 489 U.S. 749, 773, 109 S.Ct. 1468, 1481–82, 103 L.Ed.2d 774 (1989) (noting that the FOIA full disclosure policy "focuses on the citizens' right to be informed about 'what their government is up to'" and concluding that "information that sheds light on an agency's performance of its statutory duties falls squarely within that statutory purpose"); *Berry v. Dep't of Justice,* 733 F.2d 1343, 1349 (9th Cir.1984) (citing a variety of sources to establish that the goal of the FOIA was "to allow the public to determine how agencies reach decisions"). The *SDC Development* court reasoned that, because library reference material does not provide any insight into agency decision making, it does not constitute an agency record.[1]

In both *Tax Analysts* and *SDC Development,* therefore, circuit courts focused on how the agency used the requested material. If an agency integrates material into its files and relies on it in decision making, then the agency controls the material. If, on the other hand, material is maintained solely for reference purposes or as a research tool, then the indicia of control are lacking.[2] The Air Force simply does not control the deci-

---

1. Plaintiff contends that the decision in *SDC Development* was based entirely on the conflict between the statutory fee for subscriptions to the medical database and the nominal fee provided for by the FOIA. While then-Judge Kennedy did discuss this conflict, the principal basis for the decision was the conclusion that the computer tapes were "library reference material." 542 F.2d at 1121. This interpretation is confirmed by *Long v. United States Internal Revenue Serv.,* 596 F.2d 362 (9th Cir.1979), in which then-Judge Kennedy described the *SDC Development* ruling as based "solely on the nature of the information contained in the tapes." *Id.* at 365.

2. Plaintiff contends that the following comment by the Supreme Court in a *Tax Analysts* footnote indicates that library reference materials are agency records: "Common sense suggests that a person seeking ... materials housed in an agency library typically will find it easier to repair to the Library of Congress, or to the nearest public library, rather than to invoke the FOIA's disclosure mechanisms." 492 U.S. at 145 n. 5, 109 S.Ct. at 2848 n. 5. The Court was not deciding a case involving library reference materials, however, and its observation does not support plaintiff's case. More instructive is the Court's comment in *United States Dep't of Justice v. Reporters Committee,* 489 U.S. 749, 109 S.Ct. 1468, 103 L.Ed.2d 774 (1989):

No statement was made in Congress that the Act was designed for a broader purpose such as making the government's collection of data available to anyone who has any socially useful purpose for it. For example, it was never suggested that the FOIA would be a boon to academic researchers, by eliminating their need to assemble on their own data which the government has already collected.

*Id.* at 772 n. 20, 109 S.Ct. at 1481 (quoting Comment, *The Freedom of Information Act's Pri-*

sions of the Supreme Court in the same manner that the Tax Division controlled the decisions it received as a party litigant, integrated into its case files, and used to prosecute appeals. As a result, the database of Supreme Court decisions is not an agency record.

This conclusion is bolstered by the fact that, because the FOIA does not define agency records, the Supreme Court has repeatedly referred to the definition of "records" contained in the Records Disposal Act, which was in effect when Congress passed the FOIA. 44 U.S.C. § 3301. *See Forsham,* 445 U.S. at 183, 100 S.Ct. at 985; *Kissinger,* 445 U.S. at 147, 100 S.Ct. at 966; *Tax Analysts,* 492 U.S. at 145, 109 S.Ct. at 2848. The definition specifically excludes library reference materials: "Library and museum material made or acquired and preserved solely for reference or exhibition purposes [and] extra copies of documents preserved only for convenience of reference ... are not included within the definition of the word 'records' as used in this Act." 44 U.S.C. § 3301. Plaintiff's observation that the Supreme Court has never cited this portion of the Records Disposal Act is inconsequential. In *Forsham,* the Court cited the Attorney General's Memorandum on the Public Information Section of the Administrative Procedure Act II (1967). 445 U.S. at 183, 100 S.Ct. at 985. That memorandum applies the entire Records Disposal Act definition, including the exclusion of library reference material, to the FOIA.

Finally, it is well established that the FOIA is concerned with the content of information, not its form. *See Dismukes v. Department of the Interior,* 603 F.Supp. 760, 762 (D.D.C.1984) (describing the Supreme Court's "reluctance to place the focus of FOIA on the 'physical format of documents' rather than on their contents"). As one commentator has noted:

> Inconvenience to the requester of the form for availability of a record is not treated as denial of access. There is no right to have access in a particular format. Information content is controlling; the person cannot

assert a withholding if the content is delivered and is the same as in the request. Though the plaintiff might want a more convenient alternative, that is more than the FOIA requires.

1 James T. O'Reilly, *Federal Information Disclosure* § 4.04, at 4–17 (2d ed. 1990) (citations omitted). Even if the Court concluded that computerized copies of Supreme Court opinions were agency records, therefore, the Air Force would not be required to produce them in precisely the format plaintiff has demanded. As one court has held, even when computer tape is the least expensive, most convenient means of access, "defendant has no obligation to accommodate plaintiff's preference. The agency need only provide responsive, nonexempt information in a reasonably accessible form...." *Dismukes,* 603 F.Supp. at 763.

This is especially relevant because the Air Force "is seeking to protect not its information, but rather its system for delivering that information.... Contractual relationships with various organizations, designed to increase the agency's ability to acquire ... information would be destroyed if the tapes could be obtained essentially for free." *SDC Development,* 542 F.2d at 1120. The "FLITE" computer system, a portion of which plaintiff is seeking, is a collection of legal databases acquired in part through data exchanges with other agencies and private publishers. (Unterspan Decl. ¶ 7.) The Air Force continues to rely on such exchanges, which would be rendered impossible if plaintiff's request were granted because the commercial value of the computerized data would be lost. *Id.*

### Conclusion

For the foregoing reasons, defendant's motion to dismiss for lack of subject matter jurisdiction is GRANTED, and plaintiff's motion for summary judgment is DENIED.

SO ORDERED.